LAKE ERIE AND WESTERN RAILROAD COMPANY

v.

THOMAS KIRTS.

*Railroads—Fires—Defective Spark Arrester — Evidence—Contributory Negligence—Instructions—Damages.*

1.   The owner of property situated near a railroad is not chargeable with negligence in respect to fires caused by sparks from locomotives, merely because he used it as if it were not so situated.

2.   In an action against a railroad company to recover the value of property destroyed by fire alleged to have escaped from a locomotive, it is *held:* That the verdict for the plaintiff is supported by the evidence; that there was no substantial error in the admission of evidence; that the charge given by the court contained all that was necessary to a correct view of the law involved; and that it does not appear that the damages are excessive.

[Opinion filed September 21, 1888.]

APPEAL from the Circuit Court of Vermillion County; the Hon. C. B. SMITH, Judge, presiding.

Mr. H. M. STEELY, for appellant.

If a railroad company uses most approved appliances to prevent the escape of fire, and keeps it and the locomotive in which it is placed in constant repair, and the same is properly operated by a competent and skillful engineer, and notwithstanding these precautions fire or sparks escape and set fire outside the right of way, then the company is not liable. I.,

B. & W. Ry. Co. v. Craig, 14 Ill. App. 407; T., P. W. Ry. Co. v. Pindar, 53 Ill. 447; C. & A. R. R. Co. v. Quaintance, 58 Ill. 389; T., W. & W. Ry. Co. v. Larmon, 67 Ill. 68; C. & A. R. R. Co. v. Smith, 11 Ill. App. 348.

It must appear that party suffering loss exercised ordinary care, such as a reasonably prudent man would adopt for security of his property, and want of such care is fatal to a recovery no matter how gross negligence of defendant may have been. W., St. L. & P. Ry. Co. v. Wallace, 110 Ill. 114; City of Peoria v. Simpson, 110 Ill. 294; T., W. & W. Ry. Co. v. Larmon, 67 Ill. 68; C. & A. R. R. Co. v. Pennell, 94 Ill. 448; T., W. & W. Ry. Co. v. Maxfield, 72 Ill. 95.

Counsel have a right to require the court to give instructions as asked, when in conformity with the law. State v. Wilson, 2 Scam. 225; Hays v. Borders, 1 Gilm. 46; G. & C., U. R. R. Co. v. Jacobs, 20 Ill. 478.

If sparks escape and are carried by a high wind to a great distance, by which a fire is caused in a place that would have been safe but for the wind, such loss is a remote consequence, and the company is not liable. Fent v. T., P. & W. Ry. Co. 59 Ill. 349; T., W. & W. Ry. Co. v. Muthersbaugh, 71 Ill. 572.

Mr. CHARLES A. ALLEN, for appellee.

Even if the best appliances are used to prevent the escape of fire, yet if, through the overloading of the engine, fire and sparks are produced to a dangerous extent, the company will be deemed guilty of gross negligence. T., P. & W. Ry. Co. v. Pindar, 53 Ill. 447.

If this company suffers a grade to exist, they must so manage their engines at such places as to prevent damages from being done to property along the line of the road.

The question of negligence is one of fact, which must be left to the determination of the jury (22 Ill. 264), and is peculiarly appropriate for the jury. Burkett v. Bond, 12 Ill. 87.

And the question of the relative degree of negligence of plaintiff and defendant is one for the determination of the jury. St. L., A. & T. H. R. R. Co. v. Todd, 36 Ill. 409.

The degree of plaintiff's negligence, as compared to that of defendant, is a question for the jury. City of Centralia

v. Scott, 59 Ill. 129; City of Rockford v. Hildebrand, 61 Ill. 155; I. & St. L. R. R. Co. v. Stables, 62 Ill. 313; I. C. R. R. Co. v. Gillis, 68 Ill. 317.

WALL, P. J.  This was an action on the case to recover damages for property destroyed by fire, alleged to have escaped from the locomotive engine of the appellant.  There was a verdict and judgment thereon for $405.

There can be no reasonable doubt the fire did escape from the locomotive, and the property of appellee was thereby consumed.  Appellant introduced evidence to prove that it had in use upon this locomotive an appliance of the most approved kind to prevent the escape of sparks; that the same was in good order, and that the person in charge of the engine was competent and skillful.  On the other hand it appeared that the mesh in use in the spark arrester was larger than that used on some other engines on the road; that the train was nearly or quite a quarter of a mile in length, was loaded heavily and was making great speed.

It also appeared that this spark arrester was so contrived that the sparks would be thrown directly upward, but that in case of high wind these were liable to be blown further than the distance in question.  All these circumstances were proper to be considered by the jury in determining whether proper care and diligence had been used to prevent the escape of fire. We are not impressed with the view that the verdict is in this respect so greatly against the evidence as to justify interference therewith.  The statute expressly provides that the owner of property shall not be chargeable with negligence because he has used the same in the manner he would, had no railroad passed through or near it (Par. 104, Chap. 114, Starr & C. Ill. Stat.), and there seems to be no room in this case for exemption on the ground of contributory negligence by the plaintiff.

Various objections are urge 1 by appellant as to the action of the court in admitting and excluding evidence, the most important of which relates to the admission of evidence of the

finding of cinders at different places on the farm after the fire occurred.

This proof is rather remote, but to some extent it goes to establish the charge that the engines of defendant, which were all equipped alike, save those which had the smaller mesh, were all apt to throw sparks, thereby supporting the general allegation that this fire was so occasioned, and supporting the position that too much fire was thrown for well equipped engines.

It was of the same class of proof that this engine set other fires the same day, and tended to show frequent danger from the use of engines equipped with the spark arresters in use on the road, and tended to contradict the position that the spark arresters were well adapted to the purpose for which they were used.

Other objections as to admitting and excluding testimony we deem it not necessary to notice, and we will only say in this connection we think no substantial error was committed.

The court declined to give any of the instructions asked by plaintiff or defendant and instead gave a charge of its own. This action of the court is criticised by appellant. After carefully examining the charge we find nothing worthy of substantial complaint. All that was necessary to a correct view of the law involved will be found in the instructions thus given to the jury. Without commenting upon the subject in detail, we are disposed to overrule this assignment of error.

It is urged also that the damages are excessive by the sum of about $5. The calculation upon which this conclusion is based excludes the testimony of plaintiff, which, if believed by the jury, would have justified an allowance larger than that made by the verdict. We can not interfere on this ground.

The judgment will be affirmed.

*Judgment affirmed.*